Matthew J. Jasen, J.
Plaintiff moves, pursuant to CPLB 3101 et seq., to examine defendant through its representatives, as to statements given by one Michael Kayner, an insured, under the terms of a policy issued by the defendant to his father, Lawrence E. Kayner.
An action for personal injury was brought by the plaintiff against Michael Kayner arising out of an automobile accident on September 30, 1956, when plaintiff was a passenger in an automobile owned by her husband, Lawrence E. Kayner, and operated by her son, Michael Kayner, who, by reason of the operation of said automobile, became an “ insured” under the policy of insurance issued by the defendant, Allstate Insurance Company. However, before the personal injury action was commenced, defendant disclaimed liability under its policy “ because of a breach of policy condition No. 8 ‘ assistance and cooperation ’, and for other reasons.” Nevertheless, plaintiff proceeded to trial and secured a verdict in her favor and a judgment was entered for $11,011.53 on April 17, 1958.
The plaintiff then instituted suit against the defendant pursuant to section 167 of the Insurance Law on December 18,1958, and issue was joined on January 26, 1959. Defendant’s answer set forth certain affirmative defenses including those of lack of co-operation and inconsistency of statements given by the insured, Michael Kayner. Thereafter, plaintiff did not take any action until April 13, 1961, at which time she served a reply and a demand for bill of particulars. The bill of particulars was filed on or about May 6, 1963, and set forth defendant’s defense of lack of co-operation on the part of the insured, Michael Kayner, through the giving of inconsistent statements to the defendant on October 1, 1956, and April 1, 1957, and further spelled out the manner in which said statements were inconsistent. On November 11, 1963, plaintiff served and filed the note of issue in this action.
Defendant opposes this motion upon the following grounds :
1. That the plaintiff waived her right to an examination before trial after filing a note of issue with a statement of readiness. 2. That no hardship or change of circumstances has been demonstrated by the plaintiff in support of her motion. 3. That the *658 material sought is confidential in nature in that it consists of statements given to an insurer by an insured during the course of an investigation and in preparation for litigation.
Pursuant to -section 85 of the Judiciary Law, the Appellate Division, Fourth Department, adopted a Special Rule Respecting Calendar Practice in this Department, dated July 1, 1957, whereby no case may be filed unless there is annexed thereto a statement or stipulation concerning the completion of pretrial procedures and that the case is ready for trial. Such calendar rule also provides that any party may move to strike the ease from the calendar within 20 days after filing upon affidavit setting forth in what respects the case is not ready for trial.
In this case no such motion to strike the note of isisue has been made by the plaintiff, and she has, by causing a note of issue to be filed, certified that the case is ready for trial.
It is the opinion of this court that unless -special, unusual or extraordinary circumstances are shown pretrial procedures will not be permitted after the filing of a note of issue and statement of readiness (Price v. Brody, 7 A D 2d 204; Plantier v. Gould, 12 A D 2d 90; McGee v. Adams Paper & Twine Co., 252 N. Y. S. 2d 873).
Upon the papers submitted and the argument presented, the plaintiff has not demonstrated any -special circumstances to relieve her of compliance with this interpretation of the rule. This action has been in litigation for more than five years during which period the plaintiff knew of the inconsistent statements made by the insured, but failed to move for an examination before trial. Furthermore, the material sought to be reached by the present motion is exactly that sought by the demand for bill of particulars. No motion or action having been taken with respect to said bill of particulars, it must be considered as properly responsive to the demand and further inquiry -should not at this time be permitted by or on behalf of the plaintiff.
In view of the determination above, this court does not pass upon the remaining question -submitted. Submit order vacating notice of motion herein.